UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:13-cr-138 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| JEREMY DANIELS | ) | Magistrate Judge Michael J. Dumitru |

**M E M O R A N D U M**

Before the Court is a motion by Defendant, Jeremy Daniels, to dismiss the petition to revoke his supervised release and to order his release from custody. (Doc. 82.) The United States (the "Government") has responded in opposition. (Doc. 83.)

## I. BACKGROUND

The procedural history of this case is not in dispute. (*See* Doc. 83.) As Defendant's motion outlines:

> On July 31, 2014, this Honorable Court sentenced Mr. Daniels for a violation of 18 U.S.C. § 922(g)(1) to a term of imprisonment of 56 months, to be followed by a term of supervised release for 3 years. (Doc. 28). On January 31, 2018, Mr. Daniels began his term of supervised release. (Doc. 30). The Court revoked his supervised release on September 19, 2018 and ordered him to serve a sentence of 10 months with a 2-year return to supervised release. (Doc. 38).
>
> Mr. Daniels began his second term of supervised release on June 11, 2019. (Doc. 47). The Court revoked his supervised release on June 24, 2020 and ordered him to serve a sentence of 12 months imprisonment with a 12-month return to supervision. (Doc. 59).
>
> Mr. Daniels began a third term of supervision on February 25, 2021. (Doc. 61). On July 27, 2022, the Court ordered him to serve a revocation sentence of 11 months and to return to supervision for another 12 months. (Doc. 76).
>
> Mr. Daniels began his current term of supervision on March 1, 2023. (Doc. 77). The pending petition and an arrest warrant were filed on December 18, 2023. (Doc. 77). He made his initial appearance on the most recent petition on September 25, 2026. (Doc. 80).

(Doc. 82 at 1–2.)

The problem here arises from 18 U.S.C. § 922(g)(1), the statute under which Defendant was convicted—more specifically, the fact that a § 922(g)(1) offense is a class "C" felony. A class "C" felony carries with it a statutory maximum term of supervised release of three (3) years (i.e., *36 months*). 18 U.S.C. § 3583(b)(2). But when the Court imposed its most recent revocation judgment, which sentenced Defendant to 11 months of imprisonment followed by 12 months of supervised release (Doc. 76 at 2–3), Defendant had already served a total of *33 months* for violations of supervised release (Doc. 82 at 2.) *See* 18 U.S.C. § 3583(h) (authorizing the court, "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment," to "include a requirement that the defendant be placed on a term of supervised release after imprisonment" and specifying that "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release"). Therefore, the term of supervised release that the Court should have imposed pursuant to the statutory maximum was capped at three (3) months—not 12 months.

As a result, Defendant now argues that the Court's supervisory authority over him under 18 U.S.C. § 3583 has lapsed, and that he therefore must be released from custody. (Doc. 82 at 4.) In response, the Government asserts that Defendant's argument is functionally a time-barred collateral attack on his sentence under 28 U.S.C. § 2255. (*See* Doc. 83 at 4.)

Under § 2255, a defendant may move to vacate, set aside, or correct a sentence when, as relevant here, the sentence imposed violated the Constitution or federal law, the court lacked jurisdiction to impose a sentence, or the sentence exceeded the maximum authorized by law. 28

U.S.C. § 2255(a). Section 2255 motions are subject to a one-year period of limitation. *Id.* § 2255(f). The one-year period "run[s] from the latest of" four possible triggering dates, including, as relevant here, "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

## II. <u>ANALYSIS</u>

The Court must agree with the Government that Defendant's motion amounts to a collateral attack on his sentence, which may only be brought under 28 U.S.C. § 2255. As the Court of Appeals for the Sixth Circuit has explained, a defendant "may not 'attempt to invalidate his original conviction at a supervised release revocation hearing.'" *United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007) (quoting *United States v. Meacham*, 65 Fed. Appx. 529, 533 (6th Cir. 2003)); *see also United States v. Estrada*, 81 F.4th 859, 862 (9th Cir. 2023) (holding that "an appeal challenging a supervised release revocation is not the 'proper avenue' through which to attack the validity of the underlying sentence" (quoting *United States v. Castro-Verdugo*, 750 F.3d 1065, 168–71 (9th Cir. 2014)). Rather, "[s]everal circuits," including the Sixth Circuit, "have held that § 2255 is the exclusive remedy for individuals seeking to collaterally challenge the validity of a sentence." *United States v. Hallom*, 505 Fed. Appx. 480, 481 (6th Cir. 2012).

In fact, in *Hallom*, the Sixth Circuit expressly acknowledged that the defendant's "prior four-year supervised release term was unquestionably both procedurally and substantively unreasonable." *Id.* at 481. Yet it concluded that "[t]he district court did not act unreasonably by treating [the defendant's] prior sentence as valid at the time of his Supervised Release Violation Hearing" and that the defendant could not "challenge the validity of that sentence in this appeal,"

which dealt only with a challenge to the supervised-release term imposed as a result of supervised-release violations. *Id.* at 482.

The Court reaches a similar conclusion here. The Government admits, and the Court agrees, that "the maximum term of supervised release the defendant faced after his third revocation was three months" and that "the supervised release sentence of one year the defendant received exceeded the statutory limits." (Doc. 83 at 4–5.) But under § 2255(f), Defendant had one year from "the date on which the judgment of conviction bec[ame] final" to raise this challenge.[1] Now, § 2255 relief on this issue is no longer available.

The Court also finds no other reason to conclude that it lacks jurisdiction or otherwise cannot rule on the petition to revoke Defendant's supervised release. Under Defendant's most recent sentence, his supervised-release term was scheduled to run until February 29, 2024. (Doc. 83 at 5; *see* Doc. 76 at 2–3.) The petition and arrest warrant at issue here were filed on December 18, 2023. "A court is authorized to revoke supervised release and 'order the defendant to serve a term of imprisonment' after the period of supervised release has passed 'if, before its expiration, a warrant or summons has been issued on the basis of an allegation of . . . a violation.'" *United States v. Goins*, 516 F.3d 416, 418 (6th Cir. 2008) (quoting 18 U.S.C. § 3583(i)). Here, the Court finds that the warrant (from December 2023) was issued prior to the expiration of the supervised-release term (in February 2024). Therefore, the Court still has the authority to rule on the petition.

---

[1] Alternatively, the Court recognizes that Defendant could argue that the trigger date was "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). But that date would almost certainly be the same as the date on which the judgment of conviction became final or earlier, because this defect could have been discovered through the exercise of due diligence at the time the latest revocation judgment was imposed. Regardless, both dates elapsed more than one year ago.

Accordingly, the Court will deny Defendant's motion to dismiss (Doc. 82), concluding that it still has jurisdiction and may properly consider the revocation petition (Doc. 77).

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**